**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **BETH ULRICH,** <br> On Behalf of Herself and Others Similarly Situated <br><br> Plaintiff, <br><br> vs. <br><br> **VPC PIZZA MANAGEMENT, LLC** <br><br> Defendant. | Case No. <br><br> Judge <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff Beth Ulrich ("Representative Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against VPC Pizza Management, LLC("Defendant"), states and alleges as follows:

**INTRODUCTION**

1.      This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.*, Article II § 34a of the Ohio Constitution, and Ohio Revised Code § 4113.15.

2.      Representative Plaintiff brings this case as a collective action on behalf of herself and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3.      Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and on behalf of other similarly situated persons who have factually related claims under the Ohio Constitution and Ohio law (the "Ohio Class").

## SUBJECT MATTER JURISDICTION AND VENUE

4.      This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business in Chicago, Illinois.

6.      The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES & PERSONAL JURISDICTION

7.      Representative Plaintiff is an Ohio resident who was employed by Defendant within the last three years. Representative Plaintiff's written consent to join is attached as Exhibit A.

8.      Defendant VPC Pizza Management, LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

9.      At all material times, Defendant has been an employer within the meaning of the FLSA, Article II § 34a of the Ohio Constitution, and Ohio Revised Code § 4113.15.

10.     At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA.

11.     At all material times, Representative Plaintiff was an employee of Defendant within the meaning of the FLSA, Article II § 34a of the Ohio Constitution, and Ohio Revised Code § 4113.15.

## FACTS

12.      Defendant owns and operates a chain of Giordano's pizza restaurants throughout the country including Illinois, Indiana, Iowa, Arizona, Colorado, Florida, Minnesota, Nevada, Ohio, and Wisconsin.

13.     At each of these restaurants, Defendant employs servers to provide services to its Giordano's patrons.

14.     Representative Plaintiff and other similarly situated employees were employed as servers at Defendant's Giordano's restaurants within the last three years.

15.     Within the last three years, Defendant paid its servers the tipped minimum wage and utilized the tip credit available under federal and state law to meet its obligation to pay servers the mandatory minimum wage.

16.     However, Defendant did not satisfy the strict requirements under the FLSA or Ohio law that would allow it to take a tip credit.

17.     For example, Defendant maintained a policy and practice whereby servers were required to perform non-tip producing "side work" unrelated to the servers' tipped occupation, while still be being compensated at the tipped minimum wage.

18.      Defendant also maintained a policy and practice whereby servers were required to spend a substantial amount of time, more than 20 percent of the time or for a continuous period of time exceeding 30 minutes, performing non-tip producing side work related to the servers' tipped occupation.

19.     Defendant's practices resulted in it losing the right to take a tip credit. Thus, Defendant violated the FLSA and Ohio Constitution by failing to pay Representative Plaintiff and its other servers at the applicable full minimum wage rate.

20.     Representative Plaintiff and the FLSA Collective and Ohio Class Members' tips have also been misappropriated by Defendant as a result of its violations of the FLSA and Ohio Constitution.

21.     Defendant knows or should have known that its policies and practices violated the FLSA, and Defendant has not made a good faith effort to comply with the FLSA.  Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its tipped employees.

22.     The unpaid wages to which Representative Plaintiff and the Ohio Class are entitled have remained unpaid for more than thirty days beyond the regularly scheduled payday.

## COLLECTIVE ACTION ALLEGATIONS

23.     Representative Plaintiff and the FLSA Collective have been denied pay at the federally mandated minimum wage rate. These employees are/were subject to the same illegal pay practices described above.

24.     Defendant takes a tip credit against its minimum wage obligations for the Representative Plaintiff and FLSA Collective.

25.     Members of the FLSA Collective perform or have performed the same or similar work as the Representative Plaintiff.

26.     FLSA Collective Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

27.     As such, FLSA Collective Members are similar to Representative Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage.

28.     Defendant's failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Collective Members.

29.     The experiences of Representative Plaintiff, with respect to her pay, is typical of the experiences of the FLSA Collective Members.

30.     The specific job titles or precise job responsibilities of each FLSA Collective Member does not prevent collective treatment.

31.     All FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

32.     The class of similarly situated FLSA Collective Members is properly defined as follows:

> **All current and former tipped servers employed by Defendant at any time during the three years prior to the date of filing this Complaint and continuing through the conclusion of this matter.**

## CLASS ACTION ALLEGATIONS

33.     Representative Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a class of persons employed by Defendant in Ohio within the last three years defined as:

> **All current and former tipped servers employed by Defendant in Ohio at any time during the three years prior to the date of filing this Complaint and continuing through the conclusion of this matter.**

34.     The Ohio Class is so numerous that joinder of all class members is impracticable. Representative Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, avers that it consists of at least 40 people.

35.     The Ohio Class Members are readily ascertainable.  The number and identity of the Ohio Class Members are determinable from Defendant's records.  The hours assigned and worked, the positions held, and the rates of pay for each Ohio Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided by means permissible under Rule 23.

36.     Representative Plaintiff's claims are typical of those claims which could be alleged by any Ohio Class Member, and the relief sought is typical of the relief which would be sought by each Ohio Class Member in separate actions.

37.     All the Ohio Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wages.

38.     Representative Plaintiff and the Ohio Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with Article II § 34a of the Ohio Constitution and Ohio Revised Code § 4113.15.

39.     Representative Plaintiff and the Ohio Class Members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.  Defendant's corporate-wide policies and practices affected all Ohio Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Ohio Class Members.

40.     Representative Plaintiff and other Ohio Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

41.     Representative Plaintiff is able to fairly and adequately protect the interests of the Ohio Class Members and has no interests antagonistic to the Class Members.

42.     Representative Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

43.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

44.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

45.     Because the losses, injuries, and damages suffered by each of the individual Ohio Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.

46.     On the other hand, important public interests will be served by addressing the matter as a class action.

47.     The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

48.     The prosecution of separate actions by individual Ohio Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Ohio Class Members, establishing incompatible standards of conduct for Defendant and resulting in the impairment of Ohio

Class Members' rights and the disposition of their interests through actions to which they were not parties.

49.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

50.     Common questions of law and fact exist as to the Ohio Class Members that predominate over any questions only affecting Representative Plaintiff and the Ohio Class Members individually and include, but are not limited to, the following:

    (a)  Whether Defendant violated Article II § 34a of the Ohio Constitution;

    (b)  Whether Defendant paid Representative Plaintiff and the Class Members at the proper minimum wage rate for all hours worked; and,

    (c)  Whether Defendant failed to pay all wages due to Representative Plaintiff and the Class Members within 30 days of their regularly scheduled payday.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Minimum Wages**
**(Brought on behalf of Representative Plaintiff and the FLSA Collective)**

51.     Representative Plaintiff, on behalf of herself and the FLSA Collective Members, allege and incorporate by reference all allegations in all preceding paragraphs.

52.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA.

53.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed "employee[s]," including Representative Plaintiff and the FLSA Collective Members.

54.     Defendant was required to pay directly to Representative Plaintiff and the FLSA Collective Members the applicable federal minimum wage rates for all hours worked.

55.     Defendant failed to pay Representative Plaintiff and the FLSA Collective Members the minimum wages to which they are entitled under the FLSA.

56.     Defendant required Representative Plaintiff and the FLSA Collective Members to perform a substantial amount of dual job duties and side work in excess of twenty percent of their work time or for a continuous period of time exceeding 30 minutes.  During these periods, Defendant compensated Representative Plaintiff and the FLSA Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq.* This violated the FSLA.

57.     Defendant also regularly required Representative Plaintiff and the FLSA Collective Members to perform non-tipped side work unrelated to their tipped occupation.  During these periods, Defendant compensated Representative Plaintiff and the FLSA Collective Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq.* This violated the FSLA.

58.     Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Representative Plaintiff and the FLSA Collective Members.

59.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

60.     As a result of Defendant's willful violations of the FLSA, Representative Plaintiff and the FLSA Collective Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such

9

amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, et seq.

**SECOND CAUSE OF ACTION**
**Article II § 34a of the Ohio Constitution – Unpaid Minimum Wages**
**(Brought on behalf of Plaintiff and the Ohio Class Members)**

61.     Representative Plaintiff, on behalf of herself and the Ohio Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

62.     Defendant has engaged in a widespread pattern, policy, and practice of violating Article II § 34a of the Ohio Constitution, as detailed in this Complaint.

63.     At all times relevant, Representative Plaintiff and the Ohio Class Members have been employees of Defendant, and Defendant has been an employer of Representative Plaintiff and the Ohio Class Members within the meaning of Article II § 34 of the Ohio Constitution.

64.     At all times relevant, Representative Plaintiff and the Ohio Class Members have been covered by Article II § 34a of the Ohio Constitution.

65.     Defendant failed to pay Representative Plaintiff and the Ohio Class Members the minimum hourly wages to which they are entitled under Article II § 34a of the Ohio Constitution.

66.     Defendant was not eligible to avail itself of the tipped minimum wage rate under Article II § 34a of the Ohio Constitution because Defendant required Representative Plaintiff and the Ohio Class Members to perform a substantial amount of dual job duties and side work.  During these periods, Defendant compensated Representative Plaintiff and the Ohio Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by Article II § 34a of the Ohio Constitution.

67.     Due to Defendant's violations of Article II § 34a of the Ohio Constitution, Representative Plaintiff and Ohio Class Members are entitled to recover from Defendant their unpaid

minimum wages, an additional amount equal to two times the amount of back wages owed within three years of the violation or of when the violation ceased if it was continuing in nature, and reasonable attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
**Ohio Rev. Code § 4113.15– Failure to Pay Wages on a Semimonthly Basis**
**(Brought on behalf of Plaintiff and the Ohio Class Members)**

68.     Representative Plaintiff, on behalf of herself and the Ohio Class Members, alleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Ohio Rev. Code § R.C. 4113.15(A) requires that Defendant pay Representative Plaintiff and the Ohio Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

70.     Representative Plaintiff's and the Ohio Class Members' unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. Ohio Rev. Code § 4113.15(A).

71.     In violating Ohio law, Defendant acted willfully, without a good faith basis and with reckless disregard to Ohio law.

72.     As a result of Defendants' willful violation, Representative Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to Ohio Rev. Code § R.C. 4113.15(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Representative Plaintiff, on behalf of herself and all persons similarly situated, pray that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C.    Enter judgment against Defendant and in favor of Representative Plaintiff, the Ohio Class, and the FLSA Collective;

D.    Award Plaintiff, the FLSA Collective, and Ohio Class actual damages for unpaid wages;

E.    Award Plaintiff and the FLSA Collective additional damages in an amount equal to the amount of unpaid wages;

F.    Award Plaintiff and the Ohio Class additional damages equal to two times the amount of unpaid wages;

G.    Award Plaintiff and the Ohio Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Ohio Class Member, whichever is greater;

H.    Award Plaintiff, the FLSA Collective, and Ohio Class pre-judgment and post-judgment interest at the statutory rate;

I.    Award Plaintiff, the FLSA Collective, and Ohio Class Plaintiff attorneys' fees, costs, and disbursements; and

J.    Award Plaintiff, the FLSA Collective, and Ohio Class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher St., N.W., Suite B
North Canton, OH 44720
Telephone:   330-470-4428
Facsimile:   330-754-1430
Email: hnilges@ohlaborlaw.com

Max Barack (6312302)
**THE GARFINKEL GROUP, LLC**
6252 N. Lincoln Ave., Ste. 200
Chicago, IL 60659
Telephone: 312-736-7991
E: max@garfinkelgroup.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)

*Counsel for Representative Plaintiff*